UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RUBY GARCIA SANCHEZ, a Minor, by and through her parent and natural guardian, KARLA GARCIA GOMEZ,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, LLC,<br><br>Defendant. | Case No. 2:21-cv-00058-KJD-DJA<br><br>ORDER |

Presently before the Court is Plaintiff's Motion to Amend (#8) and Motion to Remand (#7). Though the time for doing so has passed, Defendant has failed to file a response in opposition to either motion.

I. Background

On March 7, 2020, Plaintiff Sanchez was injured when store signage fell on her face after a display was struck by the shopping cart she was riding in. As a result, she suffered significant facial injuries. Plaintiff filed a complaint against Target on November 17, 2020, in the Eighth Judicial District Court for the State of Nevada, asserting claims for negligence and premises liability. On January 12, 2021, Target removed the case based on diversity jurisdiction. During discovery Target disclosed the names of three employees who had passed by the sign within half an hour of the accident, Plaintiff subsequently filed this motion asking the Court to allow her to amend her complaint to add the three employees as defendants. In addition, because proposed defendants are allegedly Nevada residents, Plaintiff asks the Court to remand the case for lack of diversity.  For the reasons discussed below, the Court denies Plaintiff's motion.

II. Legal Standard

A party may amend a pleading once "as a matter of course" within the time constraints set forth in Rule 15(a)(1) of the Federal Rules of Civil Procedure. After the time for amendment as a matter of course has expired, a party may amend its complaint only by leave of the court or by the adverse party's written consent. Fed.R.Civ.P. Rule 15(a)(2). The court should grant leave "when justice so requires." Id. However, if after a case has been removed to federal court a plaintiff seeks to join a defendant whose joinder would destroy complete diversity, the district court has discretion to deny the joinder, or allow the joinder and remand the case to state court. 28 U.S.C. § 1447(e); Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

In exercising its discretion, the court considers the following factors: (1) whether the party to be joined is needed for just adjudication and would be joined under Rule 19(a); (2) whether the statute of limitations would preclude an original action in state court against the party to be joined; (3) whether there has been an unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat subject matter jurisdiction; (5) whether the claims against the party to be joined appear valid; and (6) whether denial of joinder will prejudice the plaintiff. Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc., 916 F. Supp. 1024, 1027 (D. Nev. 1996).

III. Analysis

Considering the factors outlined above, the Court exercises its discretion to deny joinder of proposed defendants. To begin with, the store employees are not necessary for the just adjudication of this case. Any recovery for their alleged negligence can be recovered from Target under the doctrine of *respondeat superior*. Burnett v. C.B.A. Sec. Service, Inc., 820 P.2d 750, 752 (Nev. 1991). Furthermore, there is no indication that Target would not be able to satisfy any judgment Plaintiff obtains. And because defendants do not own any appreciable assets, Plaintiff's ability to obtain complete relief would not be prejudiced by excluding proposed defendants. In addition, Plaintiff's ability to establish her case against Target would not be prejudiced because defendants would still be available to testify and be examined regarding their conduct in connection with the alleged accident. Therefore, the only meaningful consequence

that Plaintiff could obtain in joining defendants would be to destroy diversity and have the Court remand the case to the Eighth Judicial District. Finally, if Plaintiff truly feels she cannot obtain a complete recovery, she may always file suit in state court against the individual defendants.

IV. Conclusion

    Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motions to Amend (#8) and Remand (#7) are **DENIED**.

Dated this 12th day of March 2021.

_____
Kent J. Dawson
United States District Judge